UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-22089-CIV-ALTONAGA/Simonton

GABRIELA L. STUBBIA,

       Plaintiff,

vs.

NOPI ENTERPRISES, INC., *et al.*,

       Defendants.

_____/

## ORDER

    **THIS CAUSE** came before the Court on Defendants' Motion to Dismiss Complaint . . . ("Defendants' Motion") [ECF No. 21], filed July 18, 2012; and Plaintiff's Motion for Leave to File Amended Complaint ("Plaintiff's Motion") [ECF No. 29], filed August 14, 2012.[1]

    This case concerns claims for minimum wages, overtime wages, and retaliatory discharge under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq.*; as well as a claim for retaliatory discharge due to Plaintiff's request for worker's compensation benefits, in violation of Florida Statute section 440.205.  (*See* Compl. [ECF No. 1]).

## I.  LEGAL STANDARDS

### A.  Motion to Dismiss

    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than

_____

[1] Plaintiff's Response to Defendants' Motion [ECF No. 28] was styled both as a Response and "alternately, [a] Motion for Leave to File Amended Complaint."  (*Id.*).  The Clerk of the Court docketed

CASE NO.  12-22089-CIV-ALTONAGA

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

**B.  Motion to Amend Complaint**

"[L]eave to amend is to be freely given, absent substantial reason to deny the motion." *Greary v. City of Snellville*, 205 F. App'x 761, 763 (11th Cir. 2006).

## II.  ANALYSIS

**A.  Motion to Dismiss**

Defendants argue that all four counts of the Complaint are deficient.  As to Count I, Plaintiff's claim for minimum wages under the FLSA, Defendants assert: 1) the Complaint is unclear as to "whether Plaintiff was a tipped-credit employee or not and what credit she is receiving, or not, based upon the calculations presented" (Defs.' Mot. 3); 2) Plaintiff does not accurately set forth her calculation for damages; and 3) Plaintiff requests relief that includes

---

Plaintiff's requested alternative relief as a separate motion.  (*See* [ECF No. 29]).

CASE NO.  12-22089-CIV-ALTONAGA

overtime compensation, when Count II asserts Plaintiff's claim for overtime wages under the

FLSA.

The FLSA provides:

Every employer shall pay to each of his employees who in any workweek is
engaged in commerce or in the production of goods for commerce, or is employed
in an enterprise engaged in commerce or in the production of goods for
commerce, wages at the following rates:
(1) except as otherwise provided in this section, not less than—
    (A) $5.85 an hour beginning on the 60th day after May 25, 2007;
    (B) $6.55 an hour, beginning 12 months after that 60th day; and
    (C) $7.25 an hour, beginning 24 months after that 60th day . . . .

29 U.S.C. § 206(a).  For tipped employees, an employer is required to pay the minimum wages

outlined in 29 U.S.C. section 206(a) "unless such employee has been informed by the employer

of the provisions of [29 U.S.C. § 203(m), which allows an employer to credit the tips received by

the employee up to a maximum of $5.12 an hour], and all tips received by such employee have

been retained by the employee." *Id.* § 203(m); *see also* Updating Regulations Issued Under the

Fair Labor Standards Act, 76 Fed. Reg. 18832, 18835 (Apr. 5, 2011) ("[T]he maximum Federal

tip credit that an employer currently is permitted to claim under the FLSA is . . . $5.12 per

hour.").

The FLSA also states

Except as otherwise provided in this section, no employer shall employ any of his
employees who in any workweek [(i)] is engaged in commerce or in the
production of goods for commerce, or [(ii)] is employed in an enterprise engaged
in commerce or in the production of goods for commerce, for a workweek longer
than forty hours unless such employee receives compensation for his employment
in excess of the hours above specified at a rate not less than one and one-half
times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

3

CASE NO.  12-22089-CIV-ALTONAGA

The issues Defendants raise with respect to Count I warrant Plaintiff to clarify her Complaint.  Plaintiff's claims are premised on her work for Defendants delivering pizzas. Construing the Complaint in the light most favorable to Plaintiff as the Court must on a motion to dismiss, the Court finds that Plaintiff alleges that her compensation by Defendants was $1.00 per each successful delivery plus tips.  (*See* Compl. ¶ 10).  She further alleges that the monies she received — the $1.00 per successful delivery plus tips — amount to less than the FLSA's minimum wage requirements.  (*See id.* ¶ 18).  In calculating the amount of unpaid wages, it appears she assumes that Defendants are entitled to a $2.13 per hour "credit" for the tips received by Plaintiff.  (*See id.* ¶ 32).  At the same time, she contends "Defendants are not entitled to the 'tip credit' allowed by law" (*id.* ¶ 20), although she fails to assert that Defendants did not comply with 29 U.S.C. section 203(m)'s requirements for the application of the tip credit.

As Plaintiff alleges she is a tipped employee, Plaintiff must clarify her claim for minimum wages given the inconsistency of her allegations regarding whether Defendants are entitled to a tip credit.  Therefore, Count I is dismissed without prejudice with leave to amend. Further, to the extent Plaintiff also claims overtime wages in Count I (*see id.* 10), that claim is dismissed as she does not make any showing within the allegations supporting Count I that she worked over forty hours per week.  *See* 29 U.S.C. § 207(a)(1).  Indeed, she raises a claim for overtime wages in Count II.

The Court also observes that Plaintiff calculates damages based on a ninety-eight-week period (*see* Compl. ¶ 32), while ten to fourteen of those weeks went unworked in 2010.  To eliminate any misunderstanding, should Plaintiff indicate the amount of her alleged damages in the Complaint, she must do so based on the number of weeks she claims to have worked.

4

CASE NO.  12-22089-CIV-ALTONAGA

As to Count II, Plaintiff's claim for overtime wages under the FLSA, Defendants contend Plaintiff does not accurately set forth her calculation for damages.  According to Defendants, Plaintiff fails to deduct from her calculation the minimum wages already claimed in Count I. Additionally, as she has similarly done in Count I, Plaintiff calculates her damages based on ninety-nine weeks[2] although it is noted that ten to fourteen of those weeks went unworked in 2010.  (*See id.* ¶ 44; Defs.' Mot. 4–5).

With respect to Defendants' first argument, it appears that Defendants are fully apprised of Plaintiff's claim — overtime wages owed.  That Plaintiff is not entitled to the damages she calculates is a subject more appropriately raised in a motion for summary judgment or at trial. As to the second point raised by Defendants — the manner in which Plaintiff phrases the number of weeks she alleges to have worked — this does not warrant dismissal. Nevertheless, the Court notes it raises confusion.  As the Court has required with regard to Count I, to eliminate misunderstanding, should Plaintiff indicate the amount of her alleged damages in the Complaint, she must do so based on the number of weeks she claims to have worked.

As to Count III, Plaintiff's claim for retaliatory discharge under the FLSA, Defendants point out that such a claim cannot be raised on behalf of those "'similarly-situated' in addition to herself," and they therefore ask the Court to "eliminat[e] the requested relief for any similarly situated individual therein."  (Defs.' Mot. 5).  Plaintiff agrees to comply with the request.  (*See* Pl.'s Resp. 5).  Plaintiff is granted leave to amend this claim as described, and accordingly, this issue is denied as moot.

---

[2]  In Count I, Plaintiff calculates her damages based on ninety-eight work weeks.  (*See* Compl. ¶ 32).

CASE NO.  12-22089-CIV-ALTONAGA

As to Count IV, Plaintiff's claim for retaliatory discharge under Florida worker's compensation law, Defendants point out that Plaintiff does not allege she filed a worker's compensation claim, which Defendants assert is a prerequisite to relief.  (*See* Defs.' Mot. 6 (citing FLA. STAT. § 440.205)).  Florida Statute section 440.205 states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation *or attempt to claim compensation* under the Workers' Compensation Law."  (emphasis added).  The case law cited by Defendants does not appear to support their proposition that the latter half of Section 440.205 should effectively be ignored. (*See* Defs.' Mot. 6 (cases cited therein)).  Thus, Defendants' Motion to Dismiss this claim is denied.

To the extent Defendants ask the Court to strike Plaintiff's prayer for attorney's fees and punitive damages, Plaintiff does not respond.  In any event, the Court notes that these prayers are not claims brought forth by Plaintiff.  Moreover, Defendants' request to strike should have been raised in a motion to strike pursuant to Federal Rule of Civil Procedure 12(f), and is not appropriately before the Court on this motion to dismiss pursuant to Rule 12(b)(6) given the applicable standard of review.  Defendants' request on this issue is denied.

**B.  Motion to Amend Complaint**

Plaintiff represents she "desires to amend her Complaint in order to include additional Counts for violations of the Florida Minimum Wage Act."  (Pl's. Resp. 3).  She also "recognizes that a couple of issues raised by the Defendants' Motion might warrant correction."  (*Id.*). Defendants agree to Plaintiff's request to amend (*see* Defs.' Reply 3), which was timely filed. (*See* Order dated July 25, 2012 (requiring that any motions to amend pleadings be filed by

CASE NO.  12-22089-CIV-ALTONAGA

September 17, 2012)).  The Court finds no substantial reason to deny Plaintiff's Motion, and it is therefore granted.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1)      Defendants' Motion **[ECF No. 21]** is **DENIED in part** and **GRANTED in part**.

2)      Plaintiff's Motion **[ECF No. 29]** is **GRANTED**.  Plaintiff shall file her amended complaint as a separate docket entry by **September 7, 2012**.

3)      Plaintiff shall also file an amended statement of claim by **September 7, 2012** to reflect the claims set forth in her amended complaint.  Within fourteen days of Plaintiff's filing, Defendants shall file their response to the amended statement of claim.

**DONE AND ORDERED** in Miami, Florida, this 27th day of August, 2012.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

7