**GABRIELA L. STUBBIA**,

 Plaintiff,

vs.

**NOPI ENTERPRISES, INC.**, *et al.*,

 Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants, Nopi Enterprises, Inc., Joseph Piroso, and Susan Tiffany's Revised Motion for Partial Summary Judgment . . . ("Motion") [ECF No. 58],[1] filed on February 14, 2013. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND[2]

Defendant, Nopi Enterprises, Inc. ("Nopi Enterprises"), operates Pizza Rustica, a restaurant located in Miami Beach, Florida that sells pizza and beverages. Defendant, Joseph Piroso ("Piroso"), is the President of Nopi Enterprises. In 1997, Pizza Rustica began delivering

---

[1] Defendants' Motion employs less than one-inch margins, a violation of Local Rule 5.1(a)(4). (*See generally* Mot.).

[2] Most of the disputed facts are addressed in the Analysis rather than in the Background section. Notably, Plaintiff does not specifically dispute the facts presented in Defendants' Statement of Material Facts ("SMF") [ECF No. 58-5] in the manner required by the Local Rules. (*See generally* Resp. [ECF No. 61]); S.D. FLA. L.R. 56.1(a) ("Statements of material facts submitted in opposition to a motion for summary judgment shall correspond with the order and with the paragraph numbering scheme used by the movant . . . ."). Similarly, Defendants do not dispute Plaintiff's SMF contained within her Response (*see* Resp. 2–5). (*See generally* Reply [ECF No. 64]). Additionally, within the text of their arguments, both parties cite to facts that are not disclosed in any SMF. The parties' non-compliance with the Local Rules has essentially left the Court to sift through their respective statements of facts.

pizzas to its customers. Prior to commencing deliveries, Piroso and Nopi Enterprises (collectively, "Defendants") sought the advice of their attorney, Defendant, Susan Tiffany, Esq. ("Tiffany"), regarding whether their delivery drivers should be treated as employees or independent contractors. Defendants opted to treat their delivery drivers as independent contractors. All drivers, prior to working for Defendants, executed an independent contractor agreement that was drafted by Tiffany. The agreement did not contain a set term of employment nor a non-compete clause.

Defendants hired only drivers who could supply their own equipment and transportation, and who were expected to have expertise in the relevant delivery area. Defendants required no other skills of the drivers and did not offer any formal training program. Drivers were not reimbursed for the maintenance of their vehicles.

The restaurant maintained between two to five delivery drivers per shift, and had two shifts per day, seven days a week. Plaintiff, Gabriela Stubbia ("Stubbia" or "Plaintiff"), routinely worked two shifts per day at Pizza Rustica, working on average between forty (40) and seventy (70) hours per week. Stubbia received $1.00 plus tips for each successfully delivered pizza, regardless of the distance and time involved in the delivery. While serving as a delivery driver for Pizza Rustica, Stubbia did not make deliveries or perform any other work for any other business.

On December 10, 2010, while making deliveries for Pizza Rustica, Stubbia was in a traffic accident and required medical treatment. While recovering from the accident, Stubbia told a police officer to call Pizza Rustica to report the accident. The police officer spoke over the phone with Stubbia's manager at Pizza Rustica. Later, Stubbia's manager called Stubbia while

she was still in the hospital and told her to take a taxi and return to the restaurant. Stubbia's manager offered to pay the cab fare.

After leaving the hospital, Stubbia went back to the restaurant. There, Stubbia explained to her manager what had happened, and the manager sent Stubbia home to rest. Once at home, Stubbia received a phone call from Piroso. Piroso told Stubbia to return to work whenever she was ready.

Prior to the accident, Stubbia received no write-ups or complaints about her work performance at Pizza Rustica. After the accident, Stubbia heard rumors that Piroso wanted to fire her. When Stubbia confronted Piroso about the rumors, Piroso denied them. Stubbia returned to her delivery job as soon as she was able and continued with her employment until approximately four months after the accident. At that time, Defendants informed Stubbia that she could no longer deliver pizzas for the restaurant because she was "no longer covered under the [company's] umbrella insurance policy taken out specifically as it pertained to . . . delivery drivers" as a result of her driving record. (Piroso Aff. ¶ 19 [ECF No. 58-1]). Defendants were aware approximately one year prior the accident that Stubbia was ineligible for coverage under the company's insurance policy. (*See* Resp. Ex. C, at 4[3] [ECF No. 61-3]).

This action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Florida's Workers' Compensation Law, FLA. STAT. § 440.205. Defendants now move for partial summary judgment as to Count I (titled, "F.L.S.A. Wage and Hour Federal Statutory Violation: Failure to Pay Minimum Wage; Against All Defendants"); Count II (titled, "Wage and

---

[3] The Court employs the page numbering assigned by the Court's CM/ECF case management system.

Hour Federal Statutory Violation; Failure to Pay Overtime, as to All Defendants"), and Count IV (titled, "Retaliatory Discharge of Plaintiff; Against Pizza Rustica Pursuant to F.S. 440.205"). (Am. Compl. 6, 11, 18 [ECF No. 38]).

## II. LEGAL STANDARD

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks and

alterations in original omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[T]he plain language of Rule 56 [] mandates the entry of summary judgment [] . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (quoting *Celotex*, 477 U.S. at 322).

### III. ANALYSIS

#### A. FLSA Claims — Counts I and II

The FLSA's overtime provisions apply only to employees. Defendants assert Stubbia was an independent contractor, was never employed by Defendants, and is not protected by the FLSA. (*See* Mot. 4). The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). In turn, the FLSA defines "to employ" as "to suffer or permit to work," 29 U.S.C. § 203(g); and an "employer" as "any person acting . . . in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). "In order to determine whether an alleged employer 'suffer[s] or permit[s]' an individual to work, [the Court] ask[s] 'if, as a matter of economic reality, the individual is dependent on the entity.'" *Layton v. DHL Express (USA), Inc.*, No. 11-12532, 2012 WL 2687961, at *3 (11th Cir. July 9, 2012) (quoting *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996)); *see also Freund v. Hi-Tech Satellite, Inc.*, 185 F. App'x 782, 782–83 (11th Cir. 2006) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947)).

> Factors courts consider in approaching this inquiry include, but are not limited to:
>
> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

5

>  (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>  (4) whether the service rendered requires a special skill;
>  (5) the degree of permanency and duration of the working relationship;
>  (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Freund*, 185 F. App'x at 783 (citing *Sec'y of Labor, U.S. Dep't of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987)); *see Layton*, 2012 WL 2687961, at *6 (noting that "the factors are used because they are indicators of economic dependence"); *see also Velez v. Sanchez*, No. 11-90-cv, 2012 WL 3089376, at *13 (2d Cir. July 31, 2012) ("[T]he 'ultimate concern' in distinguishing independent contractors and employees is whether the workers 'depend upon someone else's business for the opportunity to render service or are in business for themselves[.]'" (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988))).

Although Defendants identify several undisputed facts that are relevant to a *Freund* inquiry (for example, Stubbia signed an independent contractor agreement (*see* Piroso Aff. ¶ 9); and filed federal income tax returns, deducting expenses for her "business" on a "Schedule C" (*see* Kaufman Aff. ¶ 4(a)–(f))), questions of material fact clearly remain with respect to whether Plaintiff was an employee as defined by the FLSA. For example, Stubbia asserts that she (1) could not select her shifts as they were assigned by her manager; (2) possessed no special skills; (3) performed duties inside the restaurant such as answering customer calls when the manager was unavailable, folding and making pizza boxes, and buying ingredients for the restaurant; and (4) could not refuse to make any particular deliveries, and did not make deliveries or do any other work for any other business. (*See* Stubbia Decl. ¶¶ 6, 8–12, 17, 18, 24). In contrast, Defendants state Stubbia (1) decided upon which shifts to work, (2) possessed special skills such as knowledge of delivery areas, (3) did not perform any duties other than deliver pizzas, and (4)

was free to decide which deliveries to make. (*See* DeLarosa Aff. ¶¶ 6, 10(c),(e),(f) [ECF No. 58-2]; Piroso Aff. ¶¶ 10(a)–(b)). The parties also dispute, among other things, whether delivery of pizzas was an integral part of Pizza Rustica's business. As these disputed facts are relevant to an analysis of the *Freund* factors in determining Stubbia's employee or independent contractor status, summary judgment on Counts I and II is denied.

## B. Retaliatory Discharge — Count IV

In Count IV, Plaintiff claims Defendants violated Florida Statute section 440.205[4] ("Section 440.205") when they fired her due to her request that Piroso pay medical bills associated with her accident. (*See* Am. Compl. ¶¶ 86–89). Section 440.205 does not "'provide a blanket prohibition against the discharge of an employee for legitimate business reasons once the employee has filed or pursued a workers' compensation claim, but prohibits only the retaliatory discharge of an employee for the act of filing [or attempting to file] a workers' compensation claim.'" *Coker v. Morris*, No. 3:07cv151/MCR/MD, 2008 WL 2856699, at *7 (N.D. Fla. July 22, 2008) (quoting *Musarra v. Vineyards Dev. Corp.*, No. 2:02–CV–301–FTM–29SP, 2004 WL 2713264, at *5 (M.D. Fla. Oct. 20, 2004)) (alterations added). Thus, it is Plaintiff's burden to first establish a prima facie case by showing that (1) she engaged in statutorily protected activity; (2) an adverse employment action occurred; and (3) the adverse action was causally related to

---

[4] "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." FLA. STAT. § 440.205. The Florida Supreme Court has held that this statute "creates a statutory cause of action for a wrongful discharge in retaliation for an employee's pursuit of a workers' compensation claim . . . ." *Bruner v. GC-GW, Inc.*, 880 So. 2d 1244, 1246 (Fla. 1st DCA 2004) (quoting *Smith v. Piezo Tech. & Prof'l Adm'rs*, 427 So. 2d 182, 183 (Fla. 1983) (internal quotation marks omitted)).

7

the Plaintiff's protected activities. *See Humphrey v. Sears, Roebuck, & Co.*, 192 F. Supp. 2d 1371, 1374 (S.D. Fla. 2002) (citations omitted).

Defendants assert summary judgment in their favor on this count is warranted for three reasons: (1) Stubbia is an independent contractor; (2) Plaintiff fails to establish a prima facie case as the record is bare of any evidence demonstrating Plaintiff filed or attempted to file a worker's compensation claim; and (3) Defendants provide a legitimate reason for Stubbia's termination and Plaintiff has failed to demonstrate a causal connection between her termination and her protected worker's compensation claim. (*See* Mot. 14–18). The Court addresses each argument in turn.

The first argument, which is based on Stubbia's purported independent contractor status, affords no relief for Defendants. For the reasons provided *supra* Part III.A, whether Defendants employed Stubbia remains a question of fact for the jury.

Defendants' second argument — that the record evidence does not show Plaintiff engaged in protected activity — also fails to persuade. Stubbia immediately reported her work-related injury to her manager. Such reporting is a requisite first step in the pursuit of workers' compensation benefits. *See* FLA. STAT. § 440.185 ("An employee who suffers an injury arising out of and in the course of employment shall advise his or her employer of the injury within 30 days after the date of or initial manifestation of the injury. Failure to so advise the employer shall bar a petition under this chapter . . . ."). Plaintiff points out that Piroso offered to pay for Stubbia's medical bills after Stubbia notified Defendants of the accident. (*See* Stubbia Decl. ¶ 34).[5] These facts are not unlike those presented in *Noboa v. Sygma Network, Inc.*, No. 6:10–cv–

---

[5] Piroso asserts he did not make such an offer. (*See* Piroso Aff. ¶ 15). Defendants suggest in their Reply

1753–Orl–36DAB, 2012 WL 1438833 (M.D. Fla. Apr. 25, 2012). There, the plaintiff completed paperwork to report his workplace injury and was driven by his supervisors to a health care provider chosen by the employer. *See id.* at \*4. The court liberally construed Section 440.205, *see id.* (citing *Broward v. Jacksonville Med. Ctr.*, 690 So. 2d 589, 591 (Fla. 1997)), noting that the activity protected by the statute was not limited to "actually filing or threatening to file a workers' compensation claim," *id.* (citing *Bruner v. GC–GW, Inc.*, 880 So. 2d 1244, 1248 (Fla. 1st DCA 2004)). The Court concluded that the plaintiff attempted to claim compensation under Florida's Workers' Compensation Law. *See id*. Thus, on this record, the Court concludes Stubbia's initial report to her manager, coupled with Piroso's assurance that Stubbia's medical bills would be paid, sufficiently show Plaintiff attempted to file a workers' compensation claim for the purposes of establishing a prima facie case.

As to the final element of Plaintiff's prima facie case, Defendants contend that Stubbia fails to demonstrate a causal connection between her attempt to file a workers' compensation claim and her termination; and that even if she makes a sufficient showing, she provides no factual basis that Defendants' reason for terminating her — Stubbia was uninsurable due to her driving record — was not the "true factor motivating the termination decision, or that the stated reason was insufficient to motivate the decision." *Humphrey*, 192 F. Supp. 2d at 1374 (citing *Holston v. Sports Auth., Inc.*, 136 F. Supp. 2d 1319, 1338 (N.D. Ga. 2000)).

---

that because Plaintiff received payment from a third party for injuries sustained during the December 2010 accident, Piroso could not have made such an offer, nor could Stubbia have attempted to file a workers' compensation claim. (*See* Reply 2–4). This issue of fact, however, is not for the Court to decide on a summary judgment motion.

Defendants' argument is unpersuasive. To establish a causal connection, "a plaintiff need only show 'that the protected activity and the adverse action were not wholly unrelated.'" *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (quoting *Simmons v. Camden Cnty. Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir.1985)); *see Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950–51 (11th Cir. 2000) (affirming application of Title VII retaliation analysis to retaliatory discharge claim under a Florida statute)). "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Clover*, 176 F.3d at 1354 (quoting *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993)); *see also Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010) (discussing same within the context of a retaliation claim under the FMLA).

Here, Defendants were aware of Stubbia's accident and resultant need for medical care before terminating her services. The parties dispute whether Piroso agreed to pay her medical bills, and the Court has already concluded Stubbia has presented a prima facie case that she attempted to file a workers' compensation claim. Therefore, it remains for the fact-finder to determine whether Defendants were aware of Plaintiff's protected activity, if any, when she was fired. Further, for purposes of establishing a prima facie case, the Court does not find that the time between Stubbia's report of her accident and eventual termination — approximately four months — is too protracted to preclude the fact-finder from inferring causation as a matter of law on this record. *See Posada v. James Cello, Inc.*, 135 F. App'x 250, 252 (11th Cir. 2005) ("In an [sic] retaliatory discharge context, a plaintiff may use a showing of 'close' temporal proximity

between the protected expression and the adverse employment action to establish causation." (citations omitted)).

Lastly, the Court finds Plaintiff satisfactorily demonstrates an evidentiary basis that Defendants' purported reason for terminating Plaintiff as a delivery driver — that she cannot be insured under the company's insurance policy due to her poor driving record — is mere pretext. Stubbia points out that since 2009, Defendants were aware their insurance policy would not cover Plaintiff as a delivery driver, but nonetheless permitted her to work. It was not until after her accident and alleged request for benefits that Defendants terminated her. That Plaintiff may have initially believed Defendants' proffered reason for termination (*see* Reply 4–5 (citing Stubbia Depo. 11:10–22 [ECF No. 64-1]), does not affect whether Plaintiff has satisfactorily presented a prima facie case for retaliation.

For the foregoing reasons, summary judgment as to Count IV is denied.

### IV.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 58]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of April, 2013.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record